LUIS ALBERTO MESTRES, Plaintiff and Appellee, v. RAMÓN DÍAZ ROMÁN, Defendant and Appellant.

No. 6862. Argued February 14, 1936.—Decided July 14, 1936.

*Eduardo Pérez Casalduc* for appellant. *Antonio Suliveres Rivera* for appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the Court.

In a summary foreclosure proceeding, a mortgagee purchased the mortgaged property at the foreclosure sale. The mortgagor then brought the present action of nullity for want of the statutory notice of sale. The notice had been published in a newspaper within the district once a week for a shorter period than is required by law. Two copies of the notice had been posted in two public places in the municipality where the property was located and one in the municipality where the property was to be sold. The district court conceded that the posting of these notices as well as the newspaper publication was insufficient but held that the combined effect of these two abortive attempts to comply with the alternative statutory requirements was enough to satisfy those requirements. We can not concur in this view. Appellee concedes that the district judge was wrong but insists that the result was right because the posting of one notice in the municipality where the property was to be sold and the posting of two other notices in the municipality where the property was situated was sufficient notice.

■ Section 6 of "An Act Relating to judgments and the manner of satisfying them", approved March 9, 1905 (Code of Civil Procedure 1933 edition, page 123) reads as follows:

"Immovable property taken by virtue of any execution or order of sale, shall be sold at public auction in the same manner provided by law for the sale of personal property under execution."

Subdivision 1 of Section 251 of the Code of Civil Procedure provides that in the case of perishable property notice must be given "by posting written notice of the time and place of sale in three public places of the precinct or city where the sale is to take place, for such time as may be reasonable, considering the character and condition of the property." The method provided by subdivision 2 for other personal property is in the English text: ". . . by posting a similar notice particularly describing the property, for twenty days, in three public places of the precinct or city where the property is situated, and also where the property is to be sold, or publishing a copy thereof once a week for the same period, in some newspaper published in the district, if there be one." The words "by posting a similar notice particularly describing the property, for twenty days, in three public places of the precinct or city where the property is situated, and also where the property is to be sold" appear in the Spanish version as: "se fijará, por espacio de veinte días, en tres sitios públicos del distrito o ciudad en que se hallaren los bienes, el aviso, describiéndose en él aquéllos detalladamente con expresión del lugar en que haya de celebrarse la venta."

Our Code of Civil Procedure is taken from Idaho and Section 251 is an adaptation of Idaho Revised Codes (1908 ed.) Section 4482. The English text must control. *Ríos* v. *Ríos*, 15 P.R.R. 348; *Manrique de Lara* v. *Registrar*, 23 P.R.R. 803; Laws of Puerto Rico 1917, Vol. II, 210.

■ Appellant relies mainly on *Lawton* v. *Porto Rico Fruit Exchange*, 42 P.R.R. 282, in support of his contention

that the word "precinct" in the second subdivision of Section 251, translated as *"distrito"* in the Spanish version, means the larger judicial district which marks the territorial jurisdiction of a district court. The Lawton case is not authority for that contention. There this court assumed, without definitely deciding, that it was enough to post notices in the municipal judicial district in which the property was located. If the sufficiency of such notice had been challenged on the ground that only two of the five notices posted in the municipal judicial district had been posted in the municipality where the property was situated, the result might have been different. The case can not be regarded as definitely holding that where the municipality, where the property is located, and the municipality, where the property is to be sold, are both within the same judicial district, the posting of three notices in the municipality in which the property is to be sold and two notices only in the municipality. in which the property is located meets the statutory requirements. Much less can the case be said to justify a conclusion that the statutory requirements are met by the posting of two notices within the municipal judicial district in which the property is located and another notice on the door of the district court house in the municipality in which the property is to be sold, when such municipality is not within the municipal judicial district where the property is located.

The word precinct in the Idaho code seems to have been substituted for the word township in Section 692 of the California code. It is unfortunate that the insular legislature did not delete the "precinct" of the Idaho code or substitute a more specific word. In Puerto Rico the word precinct, if not literally construed to mean an election precinct which is our only precinct *eo nomine,* must be taken to mean at most a "Municipality". It can not be expanded to include the larger judicial districts.

In *Sargent* v. *Shumaker,* 193 Cal. 122, 125, the Supreme Court of California said: (Italics ours.)

"The statute required (Civ. Code, sec. 2924) and the trust deed provided that notice of the proposed sale should be posted 'in the manner and for a time not less than that required by law for sales of real property upon execution.' We are thus directed to section 692 of the Code of Civil Procedure, which prescribes the manner of giving notice of sale under execution. As that section existed at the time with which we are here concerned, it provided that notice thereof must be given as follows:

" '1.—In case of perishable property: by posting written notice of the time and place of sale in three public places of the township or city where the sale is to take place. . . .

" '2.—In case of other personal property: by posting a similar notice in three public places in the township or city where the sale is to take place. . . .

" '3.—In case of real property: by posting a similar notice, particularly describing the property, for twenty days, in three public places of the township or city where the property is situated, and also where the property is to be sold, and publishing a copy thereof. . . .'

"It is obvious that the provisions of subdivision 3 of the section must have been intended to provide for and apply to two different situations, one where the property is situated in the same township or city wherein it is to be sold and the other where the property is situated in one township or city and is to be sold in some other township or city. It is respondent's contention that the section makes the same requirement as to posting applicable to both situations, and that it should be construed as requiring in either case the posting of four notices, three of which must be posted in three public places within the town ship or city where the property is situated, and the fourth at the place (meaning the very place) where the property is to be sold. Appellants, on the other hand, contend that the section is to be construed as if it read as follow: ' . . . . by posting . . . . twenty days in three public places of the township or city where the property is situated, and *in three public places of the township or city* where the property is to be sold,' and that the effect thereof, where the property is situated in one township or city and is to be sold in another, is to require the posting of six notices in three public places in each such township or city, and that the effect thereof, where the property is to be sold in the same township or city, is to require the posting of but three notices in three public places within

such township or city. Respondent replies that the adoption of such a construction would be judicial legislation, in that it necessitates adding to the section words which were not placed therein by the legislature. This criticism, however, is equally applicable to the construction contended for by respondent. It is obvious that the phraseology used in subdivision 3 is in condensed form when compared with that used in subdivisions 1 and 2, each of which is complete upon its face. The same conclusion is compelled when we consider that subdivision 3 must have been intended to apply to each of the two different situations above referred to. Our object then must be to ascertain the legislative intent, and in this endeavor we may consider not alone the text but also the context, and these in the light of the purpose to be subserved by the provisions under consideration.

"It is an elementary rule in the construction of statutes that some effect must be given to every word thereof if reasonably possible so to do, *and the word 'also' it of evident importance in this connection. The primary meaning thereof and that in which it is most commonly used is 'in like manner' or 'in the same manner'.* (See 1 Words & Phrases, 2d series, 196; 1 Words & Phrases, 359, and cases there cited.) *It is thus a word of reference, directing our attention to that which antecedes. As used herein it has to do with the posting of notices, and the only specifications of the manner of such posting to be found in the antecedent phraseology which could be adopted by such reference are 'for twenty days' and 'in three public places of the township or city.' It thus seems reasonable to suppose that the word 'also' was here used as a brief substitute for the repetition of those two phrases.* This conclusion appears the more probable when we consider that the provisions of subdivisions 1 and 2 above quoted may be regarded as evidencing a legislative determination that in so far as notice by posting is concerned the posting in three public places within a township or city is sufficient for the giving of notice to the inhabitants thereof."

Our conclusion is that the words "and also where the property is to be sold" in subdivision 2 of section 251 should be construed to mean *"and in three public places of the precinct or city where the property is to be sold"* and that the word "precinct" should be construed to mean "municipality."

The judgment appealed from must be reversed and the case will be remanded for further proceedings not inconsistent herewith.

Mr. Justice Córdova Dávila and Mr. Justice Travieso took no part in the decision of this case.